IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALLEN DIRRON NORRID, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:06-CV-403-A |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge are as follows:

## I.  FINDINGS AND CONCLUSIONS

### A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B.  PARTIES

Petitioner Allen Dirron Norrid, TDCJ # 701178, is a state prisoner in custody of the Texas

Department of Criminal Justice, Correctional Institutions Division, and presently incarcerated in

Iowa Park, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal

Justice, Correctional Institutions Division.

C. FACTUAL AND PROCEDURE HISTORY

In July 1994 Norrid was charged by indictment with two counts of solicitation of capital murder in Case No. 0555377D in the Criminal District Court Number One of Tarrant County, Texas. (Transcript at 3-4.)  The indictment also included two enhancement paragraphs alleging two prior 1992 felony convictions.  (*Id.*)  On March 17, 1995, a jury found Norrid guilty on both counts and assessed his punishment at life imprisonment for each offense and a $2,000 fine.  (*Id.* at 40.)  The Second District Court of Appeals of Texas affirmed the trial court's judgment on the jury verdict on June 13, 1996.  *Norrid v. Texas*, No. 2-95-127-CR (Tex. App.–Fort Worth June 13, 1996) (not designated for publication).  Norrid did not file a petition for discretionary review in the Texas Court of Criminal Appeals; thus, his convictions became final on July 13, 1996–30 days after the court of appeals rendered its judgment.  (Petition at 3.)  TEX. R. APP. P. 68.2(a).

Norrid asserts that he filed a state application for writ of habeas challenging his convictions based on newly discovered evidence, which remains pending in the trial court at this time.  (*Id.* at 4.) Norrid filed this federal petition for writ of habeas corpus in the Dallas Division on May 9, 2006, and the action was transferred to this court by order dated June 9, 2006.[1]  Quarterman has filed a motion to dismiss the petition on limitations or exhaustion grounds, to which Norrid filed a response.

D. ISSUES

In this petition, Norrid raises four grounds for relief in which he claims:

(1)    There is newly discovered evidence in the form of a recanting affidavit by the state's key witness Carlton Keeble that shows he is actually innocent of the offenses;

---

[1]A prisoner represented by counsel in a habeas corpus proceeding is not entitled to the benefit of the "mailbox rule." *Cousin v. Lensing*, 310 F.3d 843, 847-49 (5th Cir. 2002), *cert. denied*, 123 S. Ct. 2277 (2003).

(2)     He was denied effective assistance of counsel because counsel advised his family members that entrapment does not exist as a defense in Texas ;

(3)     The state intentionally suppressed evidence favorable to the defense; and

(4)     The state knowingly used the perjured testimony of Keeble to secure his convictions. (*Id.* at 8-10.)

### E.  RULE 5 STATEMENT

Quarterman asserts that Norrid's petition should be dismissed as barred by he statute of limitations, or, in the alternative, dismissed for failure to exhaust his state remedies as required by 28 U.S.C. § 2254(b) and (C).  (Resp't Motion to Dismiss at 4.)

### F. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d), effective April 24, 1996, imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  28 U.S.C. § 2244(d).  Specifically, §2244(d) provides:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

>        (D)  the date on which the factual predicate of the claim or
> claims presented could have been discovered through the exercise of
> due diligence.
>
>        (2)  The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment or claim
> is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The foundation of Norrid's claims is the recanting affidavit of Carlton Keeble, the state's key witness, signed on January 12, 2006, and the affidavits of his father, mother, sister and aunt signed on March 24, 2006, and March 25, 2006. (Pet'r Amended Memorandum in Support, Exhibits 1-5.) Because the affidavits were obtained after his convictions became final, Norrid argues subsection (d)(1)(D) is applicable to the computation of the limitations period in this case–i.e., the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence. Norrid asserts that under this provision, the statute of limitations began on October 18, 2005, when his current attorney located and interviewed Keeble and learned that he could prove Keeble perjured himself during trial and that Norrid was actually innocent of the offenses, and expired one year later on October 18, 2006. (Pet'r Response at 6-8.)

However, the operative date for limitations purposes "the date on which the factual predicate of the claim or claims presented *could have been discovered through the exercise of due diligence."* 28 U.S.C. § 2244(d)(1)(D) (emphasis added). Section 2244(d)(1)(D) does not convey a statutory right to an extended delay while a habeas petitioner gathers evidence that might support his claims. *See Flanagan v. Johnson*, 154 F.3d 196, 198-99 (5th Cir. 1998). The record is devoid of any evidence, or even an allegation, that Norrid made any attempt to locate and interview Keeble before his family hired his current attorney in June 2005, nearly nine years after his convictions became

final.  Norrid could not have discovered his so-called newly discovered evidence earlier through the exercise of due diligence.  *See Chism v. Johnson*, No. 3-99-CV-2412-BD, 2000 WL 256875 at *2 (N.D.Tex. Mar.7, 2000) (rejecting argument that petitioner could not have discovered the factual predicate of his claim until witness executed affidavit recanting trial testimony).  Accordingly, § 2244(d)(1)(D) is inapplicable in this case.

Instead, under subsection (d)(1)(A), which is applicable to this case, limitations began to run when Norrid's convictions became final on July 13, 1996, and expired one year later on July 13, 1997.  Norrid's petition, filed on May 9, 2006, is therefore untimely.

## II.  RECOMMENDATION

Quarterman's motion to dismiss should be granted and Norrid's petition for writ of habeas corpus dismissed with prejudice as time-barred.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 10, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual

5

finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until October 10, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 19, 2006.


    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE