U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 1 6 2006

CLERK, U.S. DISTRICT COURT
By _____
              Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ALLEN DIRRON NORRID,                    §
                                        §
            Petitioner,                 §
                                        §
VS.                                     §   NO. 4:06-CV-403-A
                                        §
NATHANIEL QUARTERMAN, DIRECTOR,         §
TEXAS DEPARTMENT OF CRIMINAL            §
JUSTICE, CORRECTIONAL                   §
INSTITUTIONS DIVISION,                  §
                                        §
            Respondent.                 §

ORDER

After having considered the objections of petitioner, Allen
Dirron Norrid, to the findings, conclusions, and recommendation
("F, C, & R") of United States Magistrate Judge Charles Bleil,
filed September 19, 2006, the court has concluded that they are
without merit.

The objections are that, as to each of petitioner's grounds,
the magistrate judge erred in concluding that petitioner failed
to show that his petition was timely filed.  There is no dispute
but that petitioner's judgment of conviction and sentence became
final within the meaning of 28 U.S.C. § 2244(d)(1)(A) on July 13,
1996, which would mean that the one-year period of limitation
would expire on July 13, 1997, under that section.

Petitioner contends that the period of limitation commenced
as to his claim of newly discovered evidence in October 2005 when
petitioner's attorney met with Carlton Dwayne Keeble ("Keeble"),
and learned from Keeble that Keeble had not testified truthfully
at trial.  He claims that the one-year period started to run as

to his claim of ineffective assistance of counsel when he learned in October 2005 that his counsel had not properly investigated the possibility of asserting an entrapment defense.  As to petitioner's contention that the State intentionally suppressed evidence favorable to him, he claims that the one-year period as to that ground did not start to run until October 2005 when, according to petitioner, he learned that the prosecutor had told Keeble, in response to Keeble's disclosure to the prosecutor that he had lied about petitioner's involvement in the crime, "you are testifying or I am filing perjury charges on your ass."  Objections at 18.  The same basic argument is made in reference to petitioner's claim that the State knowingly used perjured testimony to secure his conviction.

The fallacy of each argument made by petitioner is that it fails to acknowledge that he has the burden in this proceeding to establish applicability of 28 U.S.C. § 2244(d)(1)(D).  His arguments overlook the part of § 2244(d)(1)(D) that causes it to be applicable only upon a showing that the claims presented could not have been discovered through the exercise of diligence more than one year before the filing of the petition.  Other than purely conclusory statements, which do not count, petitioner has made no showing that the factual basis of each ground he asserts could not have been discovered by him, through the exercise of due diligence, more than one year before the petition was filed.

Therefore, the court approves the F.C. & R., and,

The court ORDERS that petitioner's petition be, and is hereby, dismissed with prejudice as time-barred.

SIGNED October 16, 2006.

_____
JOHN McBRYDE
United States District Judge

3